## The People of the State of Illinois, Defendant in Error, v. Harry Martin, Plaintiff in Error.

### Gen. No. 20,605.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed April 28, 1915.

### Statement of the Case.

Prosecution by The People of the State of Illinois in the Municipal Court of Chicago against Harry Martin, on an information charging that the defendant was an idle and dissolute person; was a pilferer; did habitually neglect his employment and calling and did not provide for himself; was an idle and dissolute person and neglected all lawful business and did habitually misspend his time by frequenting houses of ill fame and tippling shops without giving a good account of himself; is known to be a thief, or pickpocket, having no lawful means of support, and was habitually found prowling around places of public amusement, stores, shops or crowded thoroughfares, cars, tippling houses, contrary to the form of the statute and against the peace and dignity of the People of Illinois. To reverse a judgment of conviction, defendant brings error.

W. A. LANTZ, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON and JOHN R. HERREN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. VAGRANCY, § 1*—*when information sufficient after verdict.* An information charging vagrancy substantially in the language of the statute, *held* sufficient after verdict, no objection having been interposed below, nor demand for bill of particulars filed.

2. CRIMINAL LAW, § 416*—*when objections to evidence must be made below.* Questions relating to the competency of evidence cannot be raised for the first time in a court of review.

3. VAGRANCY, § 1*—*when evidence sustains conviction.* In a prosecution for vagrancy, where the State shows that defendant had no employment and no visible means of support, the facts being peculiarly within his knowledge, in the absence of any credible proof by him of such fact the jury are warranted in finding that he had no lawful means of support.